UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH I. ROSENZWEIG,

        Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. 2:17-CV-01699-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Joseph I. Rosenzweig filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") properly assessed the medical opinion of Dr. Anita Afzali M.D.,[1] Plaintiff's residual

---

[1] Plaintiff spells Dr. Afzali's name as Dr. Afzazi. *See* Dkt. 10. The handwritten name is not entirely clear in the record, *see* AR 249, however, the ALJ refers to the name Dr. Afzali in the hearing, *see* AR 32, and throughout his decision, *see* AR 19-20. Therefore, the Court will use the spelling Dr. Afzali.

functional capacity ("RFC"), and the 12-month durational requirement to establish disability. As the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On November 12, 2014, Plaintiff filed an application for DIB, alleging disability as of February 26, 2013. *See* Dkt. 8, Administrative Record ("AR") 68-74. The application was denied upon initial administrative review and on reconsideration. *See* AR 68-75. A hearing was held before ALJ Glenn G. Meyers on November 17, 2016. *See* AR 26-35. A subsequent hearing was held on April 4, 2017 for the purpose of obtaining additional medical records, and Plaintiff amended his disability application to a closed period of disability from February 26, 2013 through January 15, 2017. AR 36-67. In a decision dated April 17, 2017, the ALJ determined Plaintiff to be not disabled. *See* AR 10-25. On September 13, 2017, Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's April 17, 2017 decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly analyze the medical opinion evidence of Dr. Afzali; (2) failing to account for the limitations related to Plaintiff's severe ulcerative colitisor inflammatory bowel disease ("IBD") [2] in the RFC; and (3) concluding Plaintiff did not meet the durational requirement to establish disability during the closed period. Dkt. 10.

---

[2] Plaintiff refers to his condition as ulcerative colitis. Dkt. 10. The ALJ, treatment notes and medical opinion evidence use the terms ulcerative colitis and IBD interchangeably. *See* AR 238-435. For consistency, the Court will use the term IBD in this Order.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.    Whether the ALJ erred by failing to properly analyze the medical opinion evidence.**

Plaintiff alleges the ALJ failed to properly consider the medical opinion evidence of treating physician, Dr. Afzali. Dkt. 10 at 3-14.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In this case, the only medical opinion evidence comes from Dr. Afzali, Plaintiff's treating gastroenterologist. In September 2016, Dr. Afzali diagnosed Plaintiff with IBD. AR 247, 251.

Dr. Afzali noted the length of contact with Plaintiff was approximately one year.[3] AR 247, 251. Dr. Afzali completed two check-box medical opinion questionnaires, one for Plaintiff's physical activities and another for his mental impairments. *See* AR 247-253. With respect to Plaintiff's physical activities, Dr. Afzali opined Plaintiff needed to take unscheduled breaks three to four times per day, each lasting ten minutes. AR 247. She opined Plaintiff would be absent from work more than twice per month. AR 249. With respect to Plaintiff's mental impairments, she opined Plaintiff had a fair ability to maintain attention for two-hour periods and maintain regular attendance and be punctual with customary, usually strict tolerances. AR 252. She opined Plaintiff's mental impairments would cause him to be absent from work about twice per month. AR 253.

The ALJ stated he gave minimal weight to Dr. Afzali's opinion because: (1) Dr. Afzali's opinion was inadequately supported by the clinical findings and (2) Dr. Afzali's opinion was inconsistent with the overall record. AR 19-20.

1. *Inadequately supported by clinical findings*

First, the ALJ found, "[b]esides cursory references to the claimant's IBD and ostomy bag, Dr. Afzali did not give any explanation for her assessments of disability." AR 19 (citing AR 245-254). The ALJ noted the record did not contain any treatment records from Dr. Afzali despite the fact the ALJ continued Plaintiff's first hearing in order to obtain missing medical records, and Plaintiff submitted additional evidence after the second hearing. AR 19.

An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir.

---

[3] On the medical opinion questionnaires, Dr. Afzali wrote the length of contact was "~ 1 yr." AR 247. *See also* AR 251.

2012) (*quoting Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir. 1996)). However, a treating physician's check-box form cannot be rejected if the opinion is supported by treatment notes. *Esparze v. Colvin*, 631 Fed. App'x 460, 462 (9th Cir. 2015). Here, the ALJ properly discounted Dr. Afzali's opinion due to her failure to explain her opinion. Dr. Afzali's treatment notes were not included in the record, and therefore, her opinion is not supported by any clinical findings. *See* AR 238-435.

In his Opening Brief, Plaintiff argues a possible lack of cooperation of the medical facilities where Plaintiff received his care. Dkt. 10 at 9 (citing AR 39, hearing testimony). However, there is no evidence in the record of a lack of cooperation on the part of Dr. Afzali or her employer. Rather, first hearing testimony reflects Plaintiff was waiting on records from Dr. Michael Faust, M.D. and surgical reports from Plaintiff's May 2016 procedure. AR 29-30. The second hearing testimony reflects Plaintiff was waiting on evidence from the University of Washington related to a procedure that occurred on August 11, 2016. AR 39. The ALJ provided Plaintiff with additional time to obtain the missing records. AR 39-40.

Therefore, the Court concludes this was a clear and convincing reason to reject Dr. Afzali's opinion.

2. *Inconsistent with overall record*

The ALJ also found Dr. Afzali's opinion was inconsistent with the overall record. AR 19. The ALJ noted Plaintiff was employed at the sedentary work level between November 2007 and February 2013, and between 2013 and April 2016, treatment notes showed relatively normal examination findings and test results, reports of improvement with treatment, and a lack of complaints of fatigue, exhaustion, abdominal pain or other limitations in his work capabilities. AR 19 (citing AR 36-67, 172, 191-198, 255-416, 432-33). Due to the lack of narrative and

supporting treatment notes, it is not clear whether Dr. Afzali's opinion applied to a time period prior to September 2016. *See* AR 245-254.[4]

Contradictions between a medical source's opinion and her own clinical notes and observations is a legally sufficient basis for rejecting the opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of a medical opinion which was internally inconsistent). However, "[t]o say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." *Embrey,* 849 F.2d at 421. To reject a treating physician's opinion, an ALJ "can satisfy the substantial evidence requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotation marks and citation omitted).

Here, "[the ALJ] merely states that the objective factors point toward an adverse conclusion and makes no effort to relate any of these objective factors to any specific medical opinions and findings he rejects. This approach is inadequate." *Embrey,* 849 F.2d at 422. Without more from the ALJ, it is not clear how the fact Plaintiff was symptom free prior to April 2016 is inconsistent with Dr. Afzali's September 2016 opinion wherein she opined Plaintiff's symptoms associated with IBD would cause Plaintiff to be absent from work more than twice per

---

[4] Plaintiff testified he was treated by Dr. Afzali from some time in 2016 through his surgery in May 2016. AR 43. As noted above, Dr. Afzali stated she had been treating patient for approximately one year. AR 247, 251. Plaintiff also reported he was adequately recovered to work in January 2017. AR 43.

month. *See* AR 247-253. Therefore, the ALJ erred in rejecting Dr. Afzali's opinion as inconsistent with the limitations she assessed.

   3. *Harmless error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Furthermore, "the fact that the administrative law judge, had [he] considered the entire record, might have reached the same result does not prove that [his] failure to consider the evidence was harmless. Had [he] considered it carefully, [he] might well have reached a different conclusion." *Hollingsworth v. Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (*quoting Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)).

Here, the ALJ provided at least one specific and legitimate reason, supported by substantial evidence, for giving little weight to Dr. Afzali's opinion. This reason, Dr. Afzali's opinion is inadequately supported by the clinical findings, calls into question Dr. Afzali's findings overall. Therefore, the other improper reason the ALJ gave for rejecting Dr. Afzali's opinion was harmless. *See Molina*, 674 F.3d at 1115; *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("the relevant inquiry in this context is . . . whether the ALJ's decision remains legally valid, despite such error"); *Batson*, 359 F.3d at 1197 (finding

ALJ's error harmless because the ALJ provided other legally valid reasons for discrediting the plaintiff's testimony); *Dukellis v. Colvin,* 2013 WL 6852040, at *7 (N.D. Cal. Dec. 30, 2013) (finding error was harmless because other specific and legitimate reasons supported the ALJ's decision to reject or give reduced weight to examining physician's opinion).

> **II. Whether the ALJ erred by failing to failing to account for the limitations related to Plaintiff's IBD in the RFC.**

Plaintiff next argues the ALJ erred by failing to account for the limitations related to Plaintiff's IBD in the RFC. Dkt. 10 at 14-16.

An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-9p, 1996 WL 374184, at *1 (1996). An RFC must include an individual's functional limitations or restrictions and assess his "work-related abilities on a function-by-function basis." *Id.* Furthermore, an RFC must take into account all of an individual's limitations. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Thus, an ALJ errs when he provides an incomplete RFC ignoring "significant and probative evidence." *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (*citing Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)). The ALJ's RFC determination must be upheld when it is based on substantial evidence. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir.2007). Substantial evidence "is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006).

The ALJ found Plaintiff had a severe impairment, and accounted for it by limiting Plaintiff's RFC, including absenteeism up to once per month and off-task status up to ten percent of his work shifts. AR 16. Plaintiff contends, however, the most limiting aspect of his IBD was his need to use the restroom on a regular basis. Dkt. 10 at 14-15. Plaintiff argues before his

surgery, he needed to use the bathroom up to 50 times per day, and when his disease is active, he cannot leave his house until noon. Dkt. 10 at 15 (citing AR 46, 51, 54-55, 58, 278, 361, 406, 413, 424). Plaintiff argues the RFC only permits a work environment where ready access to a bathroom is available, and presumes Plaintiff can limit the length of his bathroom trips to no more than ten percent of his work shifts. Dkt. 10 at 16.

With respect to Plaintiff's argument the ALJ failed to account for limitations identified in Plaintiff's hearing testimony, the ALJ discounted Plaintiff's subjective symptom testimony, which Plaintiff does not challenge. AR 17. Therefore, the ALJ was not required to adopt any of these alleged limitations. *See e.g. Teigen v. Astrue,* 2011 WL 5909999, at *10 (W.D. Wash. Nov. 28, 2011).

With respect to Plaintiff's argument the ALJ failed to account for limitations identified in the treatment records showing he had 12 to 20 bowel movements during the day, AR 278, 361, 406, 413, 424, Plaintiff has not shown why such an error is not harmless. *See Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012) (*quoting Shinseki v. Sanders,* 556 U.S. 396, 409 (2009) ("'[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.' ")). The VE testified it would be "certainly permissible to take bathroom breaks" in Plaintiff's past relevant work as a judge and lawyer, and there would not be a limitation on the number of breaks allowed. AR 62. While the VE did point out *if* Plaintiff was with a client or in the courtroom, taking breaks intermittently *could* cause problems, AR 62, there is no evidence in the record showing even if Plaintiff had 12-20 bowel movements per day, this would result in Plaintiff needing to use the restroom more than ten percent of the work day or that he is unable to wait to use the bathroom when access is not immediately available (e.g. if Plaintiff was in the courtroom or with a client). *See* AR 236-244 and 255-416 (Dr. Michael

Faust, M.D. in New York), 417-435 (University of Washington Medicine). In fact, neither Dr. Faust nor Plaintiff's other medical providers at the University of Washington made any observations or stated an opinion related to Plaintiff's ability to maintain regular attendance or his ability to be on-task during the work day. *See id.* As a result, although Plaintiff argues the ALJ's RFC does not account for Plaintiff's needing to use the restroom at unpredictable times, and for an unpredictable amount of time, Dkt. 10 15-16, Plaintiff fails to identify any evidence in the record to establish his IBD would impair his ability to function under the limitations included in the ALJ's RFC. *See* AR 17. It is Plaintiff's duty to show how his IBD had more than a minimal effect on his ability to perform work duties. As such, any error in the ALJ's assessment of Plaintiff's RFC was harmless. *Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007); *See e.g. Collins v. Astrue,* 2009 WL 112863, at *5 (W.D. Wash. Jan.14, 2009) (error harmless "because there is no medical evidence in the record the plaintiff's headaches caused him any work-related limitations").

> III. **Whether the ALJ properly determined Plaintiff did not meet the durational requirement to establish disability during the closed period.**

Lastly, Plaintiff argues the ALJ failed to explain why disability was not established between November 2015 and January 2017. Dkt. 10 at 16-17. The ALJ found the treatment records indicate Plaintiff's allegations of severe pain, fatigue, and the use of an ostomy/colostomy bag were only applicable to the ten month period between April 2016 and January 2017, and therefore, Plaintiff failed to establish his IBD had been disabling for any 12-month period during the alleged closed period of disability. AR 19. For the reasons set forth below, this finding was fully supported by substantial evidence.

Plaintiff bears the burden to establish by a preponderance of the evidence the existence of a severe impairment which prevented performance of substantial gainful activity and that this

impairment lasted for at least 12 continuous months. 20 C.F.R. §§ 404.1505(a), 404.1512(a) and (c), 416.905(a), 416.912(a) and (c); *see also Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) (*citing Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995)). Any impairment which does not last continuously for 12 months does not satisfy the requirement. 20 C.F.R. §§ 404.1505(a), 404.1512(a) and (c), 416.905(a), 416.912(a) and (c). Claimant has the burden to "'furnish[] such medical and other evidence of the existence thereof as the Secretary may require.'" *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (*quoting* 42 U.S.C. § 423(d)(5)(A)) (*citing Mathews v. Eldridge*, 424 U.S. 319, 336 (1976)).

Here, Plaintiff alleges a closed disability period of February 26, 2013 to January 15, 2017. AR 13. Plaintiff appears to concede the period between February 26, 2013 and November 2015 does not show the existence of a severe impairment, and now argues the ALJ should have found Plaintiff disabled at "a bare minimum" from November 2015 to January 2017. Dkt. 10 at 16-17.

Here, the record contains insufficient detail to justify finding Plaintiff's IBD was disabling for a continuous 12 month period. As noted by the ALJ, in a treatment note dated November 17, 2015, Plaintiff described 10-12 bowel movements per day, however, Plaintiff also reported improvement since his last visit. AR 376. A review of Plaintiff's symptoms was negative for fatigue, abdominal pain, weakness, or weight changes, and the examination of Plaintiff's abdomen was normal, without masses or tenderness. AR 376-77. On November 30, 2015, a colonoscopy found severe active IBD. AR 362. However, Plaintiff had no documented medical treatment between November 30, 2015 and March 8, 2016. *See* AR 255-435.

Plaintiff's Opening Brief argues he did not have health insurance between December 2015 and March 2016. Dkt. 10 at 9; *see also* AR 231-232. While an ALJ may not discredit a

plaintiff's subjective complaints where the plaintiff has "good reason" for failing to seek medical treatment (e.g. lack of insurance and inability to afford treatment otherwise), *see Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996), Plaintiff has not challenged the ALJ's credibility assessment in this case. Moreover, as noted below, even absent evidence of medical treatment during this period, Plaintiff's later treatment notes do not demonstrate his IBD was disabling during this time.

In March 2016, Plaintiff reported he had recently moved to Washington State from New York City in December 2015, and sought a referral for a gastroenterologist, pulmonologist and urologist. AR 432. Plaintiff reported he had biopsies and sonograms in New York which were negative, he was not on any medication, he has flare-ups, and his IBD may have increased his prostate-specific antigen level. AR 432. Plaintiff's review of symptoms was negative for constipation and diarrhea. AR 433. His IBD was reported as "stable[,]" AR 433, and Plaintiff did not give any additional detail as to the severity, nature or frequency of his flare-ups, AR 432. Despite a referral to a gastroenterologist, there are no documented treatment notes with such a specialist. *See* AR 432-33, *supra,* section I (Dr. Afzali's opinion is not supported by clinical findings).

On April 1, 2016, Plaintiff had a colonoscopy which found severe colitis, and Plaintiff presented as very symptomatic with severe pain, abdominal distention, overflow diarrhea and nausea, and ongoing weight loss. AR 424. In May 2016, Plaintiff had a colectomy with end colostomy, started Humira and Azathioprine medication, and began using an ostomy/colostomy bag. AR 424. Plaintiff testified after his colectomy surgery, he was "pretty miserable for a good six weeks…but then eventually…I did a lot more walking with my wife, and I became more focused on my diet than I had been prior to surgery. And I got better. I mean it was a success."

AR 52. In June 2016, Plaintiff's IBD was determined to be moderate. AR 425. After June 24, 2016, there are no documented treatment notes discussing his IBD symptoms or treatment. *See* AR 417-435. Plaintiff testified on December 1, 2016 a tape down procedure was performed. AR 43. Plaintiff testified his IBD was not a severe impairment as of January 2017. AR 43-44.

In the absence of further evidence regarding the severity of Plaintiff's IBD, the record is insufficient to support finding Plaintiff's disorder was disabling for a continuous 12 month period. At most, as found by the ALJ, Plaintiff's IBD was disabling for the 10 month period between April 2016 and January 2017. Therefore, substantial evidence supports the ALJ's finding.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 7th day of May, 2018.

David W. Christel
United States Magistrate Judge